**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| In re: | ) | Case No. 20-03131-dd |
| | ) | Chapter 7 |
| Charles Pernell Prophet and | ) | |
| Shirley Ann Prophet, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| In re: | ) | Case No. 20-03171-dd |
| | ) | Chapter 7 |
| Steven Rosenchein, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| In re: | ) | Case No. 20-03293-dd |
| | ) | Chapter 7 |
| Christine Marie Naughton, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

## MOTION FOR STATUS CONFERENCE

John P. Fitzgerald, III, Acting United States Trustee for Region Four (the "UST"), moves

the Court for an order requiring a status conference be held in these cases.  The UST files this

motion under 11 U.S.C. § 105(d) and the authority granted to the UST by 28 U.S.C. § 586 and

11 U.S.C. § 307.   The UST requests the status conference based on the following:

1.      On September 25, 2020, the UST filed a motion for review of the conduct of

Benjamin R. Matthews & Associates ("Attorney"), cancellation of attorney fee agreements,

disallowance and return of funds paid, and other relief as may be appropriate (the "Motion").

2.      On February 4, 2021 and February 17, 2021, the Court held hearings on the

Motion.

1

Case 20-03131-hb    Doc 63    Filed 05/18/21    Entered 05/18/21 09:20:21    Desc Main
Document        Page 2 of 5

3.    On March 29, 2021, the Court entered an Order on Motions for Review of

Attorney Conduct in the above-referenced cases (the "Order").

4.    In the Order, the Court found that the bifurcated fee retainer agreements are

impermissible under SC LBR 9011-1(b).  The Court ordered that "Mr. Matthews return to the

debtors all fees paid post-petition under these agreements, less any filing fees or out of pocket

costs, within thirty (30) days of the date of entry of this order."  The thirtieth day after the date of

the entry of the Order was April 28, 2021.

5.    On April 12, 2021, Attorney appealed the Order.  No motion for stay pending

appeal has been filed in the cases.

6.    On May 4, 2021, Ms. Naughton called counsel for the UST stating that her

account was still being debited for the fees owed to Attorney for his bankruptcy services.[1]  Ms.

Naughton was referred to Attorney and counsel for the UST e-mailed Attorney of the contact and

statement made by Ms. Naughton.  Attorney acknowledged his receipt of the e-mail.

7.    On May 4, 2021, the attorney for the UST e-mailed Attorney and asked whether

he was intending to file a motion for stay of the Order pending appeal.

8.    On May 6, 2021, a paralegal for the UST reviewed Attorney's website and noted

that it still advertises no money down chapter 7 filings.  A review of the docket does not reflect

that Attorney has filed any bifurcated cases since the entry of the Order.  However, the marketing

of no money down chapter 7 filings is likely to increase potential clients making inquiry of

Attorney to represent them.  At the hearing on the Motion, Attorney testified that his cases

increased from the no money down chapter 7 filings, and he had to hire an additional staff

member.  Further, the UST is unaware how Attorney is handling other cases which may be

---

[1] Ms. Naughton also called the chapter 7 trustee, who reported her communication to the UST.

pending before this Court or concluded where Attorney used a retainer arrangement prohibited

by the Order.

   9.  On May 10, 2021, counsel for the UST followed up on the May 4, 2021 e-mail

and inquired whether Attorney was still collecting fees and noted that the no money down

chapter 7 filings service was still on Attorney's website.  The UST inquired whether Attorney

considered these actions to be in compliance with the Order and stated that the UST was

determining whether to file a pleading with the Court.

   10.  On May 12, 2021, Attorney stated that he had spoken with Mr. Garrison, and a

motion for stay would be filed later in the week.  Attorney's e-mail responded to the May 4,

2021 e-mail and did not address the inquiries in the May 10, 2021 e-mail.

   11.  On May 13, 2021, Mr. Garrison emailed in response to the May 4, 2021 e-mail

and stated that a motion for stay of the Order pending appeal should be filed on May 14, 2021.

There was no response to the inquiries made in the UST's May 10, 2021 e-mail.

   12.  At the time of this motion, the advertisement on Attorney's website of no money

down chapter 7 filing service has been removed.

   13.  The UST requests a status conference hearing to address whether the actions of

Attorney since the Court's Order as outlined herein are in compliance with the Order.

WHEREFORE, the UST requests that the Court schedule a status conference in this

matter.

> JOHN P. FITZGERALD, III
> Acting United States Trustee
> Region Four
>
> By:  /s/ Linda K. Barr
> Linda K. Barr
> Trial Attorney
> Dist. Ct. I.D. No. 6284
> Office of United States Trustee
> 1835 Assembly Street, Ste. 953
> Columbia, South Carolina 29201
> (803) 765-5219
> linda.k.barr@usdoj.gov

5-18-2021

**CERTIFICATE OF SERVICE**

I, Linda K. Barr, do hereby certify that on May 18, 2021, I served the below-named

documents upon the parties also listed below by First-Class United States Mail, postage prepaid,

with return address clearly shown, as designated below.

MOTION FOR STATUS CONFERENCE
CERTIFICATE OF SERVICE

Benjamin R. Matthews
Benjamin R. Matthews & Assoc.
2010 Gadsen Street
Columbia, SC 29201

Daniel E. Garrison
Protego Law, PLLC
1805 N. Scottsdale Road, Suite 100
Tempe, Arizona 85281

/s/ Linda K. Barr
Linda K. Barr
Trial Attorney
Office of the United States Trustee
Dist. Ct. I. D. No. 6284
1835 Assembly Street, Ste. 953
Columbia, SC 29201
(803) 765-5219
linda.k.barr@usdoj.gov