UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re:<br><br>Charles Pernell Prophet and<br>Shirley Ann Prophet,<br><br>　　　　　　　Debtors. | Case No. 3:20-03131-dd<br><br>Chapter 7 |
| In re:<br><br>Steven Rosenschein,<br><br>　　　　　　　Debtor. | Case No. 2:20-03171-dd<br><br>Chapter 7 |
| In re:<br><br>Christine Marie Naughton,<br><br>　　　　　　　Debtor. | Case No. 20-03293-dd<br><br>Chapter 7 |

**BRIEF REGARDING ISSUES ON REMAND**

Counsel to the debtors in the above-captioned chapter 7 cases, Benjamin R. Matthews and Benjamin R. Matthews & Assoc. (collectively, "Mr. Matthews"), by and through undersigned counsel, hereby submits his brief concerning the Court's consideration of matters on remand, as permitted by the Court's Order entered on April 22, 2022 in the cases captioned above. In support of his position on remand, Mr. Matthews submits the following:

The discussion and holding set forth in this Court's "Order On Motions For Review Of Attorney Conduct" (the "Order")[1] i.e., that bifurcation was per se impermissible in this District, makes it unsurprising that in the past, there has been no guidance in rule, statute, or judicial opinion

---

[1] [1] The Order was published as *In re Prophet*, 628 B.R. 788 (Bankr. D.S.C. 2021).

specifically on requirements and best practices for bifurcated cases. On remand from the Appellate Opinion,[2] the law of the case is now that bifurcated Chapter 7 cases are not per se impermissible. Accordingly, those requirements and best practices for bifurcated cases are now at issue before the Court, in some measure as matters of first impression.

The Court previously considered, and in its Order discussed, case law such as the *Hazlett, Slabbinck, Walton,* and *Carr* opinions[3], ultimately finding them inapplicable "due to the presence of the Local Rule in this District." Mr. Matthews submits that the foregoing case law is now applicable, and instructive on the matters for the Court's consideration on remand.

Just as important as the holdings of the foregoing cases, are the courts' approach to bifurcation issues such as disclosure, pre- and post-petition distinctions, and reasonableness of fees. Those cases demonstrate an instructive, remedial, and nonpunitive approach to those issues in the absence of prior judicial opinions and guidance.

Mr. Matthews believes the structure, documentation, fees, and other components of these bifurcated cases pass muster under the standards developed and applied by courts considering the issues where bifurcation was deemed permissible. However, consistent with case law such as *Hazlett*, Mr. Matthews submits that whatever the Court's conclusions on the issues remaining for adjudication, any relief granted should be remedial and instructive, and not punitive, where Mr. Matthews employed an engagement structure now deemed permissible, and conducted his cases both in the good faith belief that the engagement structure complied with all applicable rules and statutes, and without prior guidance on bifurcated cases in this District from local rule, statute, or case law. To be clear, Mr. Matthews still believes he conducted these cases in compliance with

---

[2] The "Order And Opinion" entered by the District Court on March 14, 2022 at District Court ECF docket number 17 in District Court Case No. 3:21-cv-01080-JMC.
[3] 2019 WL 1567751 (Bankr. D. Utah Apr. 10, 2019), 482 B.R. 576 (Bankr. E.D. Mich. 2012), 469 B.R. 383 (Bankr. M.D. Fla. 2012), and 613 B.R. 427 (Bankr. E.D. Ky. 2020), respectively.

all applicable rules and statutes, and satisfied all his obligations as counsel; but should the Court conclude that bifurcated cases require something more or different, Mr. Matthews urges the Court to fashion any remedy along the lines discussed in the foregoing cases and *In re Brown*, 631 B.R. 77 (Bankr. S.D. Fla. 2021), a case decided after the date of this Court's Order.

The *Brown* case is perhaps most instructive of all the applicable case law, discussing not only bifurcation, but providing a judicial roadmap for best practices in bifurcated Chapter 7 cases. Notably, even where the *Brown* court concluded that the details of the bifurcated engagements at issue in that case fell short in some respects, the Court did not impose punitive sanctions or order disgorgement. *Id.* at 104. While Mr. Matthews believes the engagement structure here passes muster, he urges the Court to follow *Brown's* approach as the proper approach to resolving this case and providing guidance for future cases, whatever the Court's factual and legal conclusions.

In addition to its judicial approach, the *Brown* case is instructive on the issue of reasonableness of fees. In this case, both this Court's Order and the Appellate Opinion note that under the bifurcated fee structure, supplemental post-filing services were included in the fee, in contrast to those services being charged separately in addition to a prepaid flat fee. Order, 628 B.R. at 804; Appellate Opinion, p.5, ll. 2-5. The two fee structures reflect an assessment of the services Mr. Matthews not only would, but reasonably might have to, provide. The *Brown* case notes that a reasonable fee for services should be assessed based on not just the services provided, but the services that might reasonably be anticipated:

> However, "reasonableness" of a flat fee arrangement is assessed differently than reasonableness evaluated through an hourly rate. *See, e.g., In re Dabney*, 417 B.R. 826, 831 (Bankr. N.D. Ga. 2009). Because a flat fee encompasses all required services and the extent of required services is not fully predictable at the outset of a case, the reasonableness of a flat fee cannot necessarily be determined based on the amount of services required in the case. Nevertheless, the amount of a proposed flat fee must bear some relationship to the work that will

> likely be required, which inevitably depends on the unique facts and circumstances of the case. *Id.*
>
> The Court holds that it will review the reasonableness of the postpetition flat fee charged by each of the Law Firms by taking into account not only the work that was done but also the services that might have been required in the case for which there would have been no additional charge.

*Brown*, 631 B.R. at 94.

The *Brown* case also notes that the reasonableness of the post-petition fee in a bifurcated fee case cannot be assessed by comparison to the pre-petition fee (or absence thereof) in that case.

> The UST's argument falls short because it measures the reasonableness of the postpetition fee solely by comparing the charge to the fee for the services and charges prepetition. However, that is not the appropriate test. *In re Carr*, 613 B.R. 427 (Bankr. E.D. Ky. 2020), Judge Wise held that the reasonableness of the prepetition fees and the postpetition fees must be analyzed on the basis of the services provided with respect to each flat fee, not compared to each other. "[The Chapter 7 Trustee] assumes, in effect, that the Attorneys must charge Debtor a comparable hourly rate for prepetition and postpetition work. This is incorrect. The Attorneys essentially agreed to perform prepetition services for one flat rate and postpetition services for a second flat rate. No party has argued that either flat rate was unreasonable." *In re Carr*, 613 B.R. at 439. The Court agrees; reasonableness is not gauged by a comparison between the prepetition charges and the postpetition charges.

*Brown*, 631 B.R. at 93-94.

The *Brown* opinion is comprehensive, touching on disclosures:

> Thus, the Court holds that disclosure to a potential client is adequate so long as
>
> a) The potential debtor receives the separate disclosure form;
>
> b) The prepetition agreement and postpetition agreement are provided at the same time for the potential debtor's review;
>
> c) The prepetition agreement clearly describes the services that must be performed prepetition as well as other services that may be provided; and

Page 4

> d) The postpetition agreement clearly describes the included services (delineated, where appropriate as "if necessary"); and specifically describes the excluded services, and any additional flat fee or hourly charge associated with those excluded services.

*Brown*, 631 B.R. at 100.

The foregoing reads much like a checklist of Mr. Matthews' bifurcated engagement documentation in this case. Where a bifurcated case might require additional or different disclosures to the court than does a prepaid case, the *Brown* court also laid out what those disclosures should include, and notably, where those disclosures fell short of what the *Brown* court required in future cases, the *Brown* court did not penalize the attorneys' best efforts to provide disclosures in the absence of prior guidance. *See, Brown*, 631 B.R. at 100-101.

In the final analysis, the *Brown* opinion not only provides a roadmap for best practices in bifurcated cases, it acknowledges the difficulties attorneys face in the effort to comply with disclosure, fee structure, and other requirements specific to bifurcated cases before they are articulated in statute, rule, or judicial opinion. Accordingly, while Mr. Matthews believes the bifurcated structure of these cases passes muster – including all their individual components such as the fee and engagement documentation - should the Court conclude otherwise, any remedy should track the approach utilized by the *Brown* court:

> All of this must be corrected, and presumably will be resolved when both Law Firms revise their agreements to comply with the requirements outlined in this opinion.
>
> The Court will grant the UST's request for injunction insofar as, as of the date of this Order, all attorneys, including the Law Firms, must stop their current practices relating to bifurcated fee arrangements unless those arrangements comply with the requirements outlined by this Court. The balance of the UST's request is DENIED.

*Brown*, 631 B.R. at 105.

### **CONCLUSION**

As noted above, the law of the case is now that bifurcated Chapter 7 cases are not per se impermissible. That shift in the law explains and underscores the lack of prior guidance on requirements and best practices for such cases. Mr. Matthews believes that the Court should deem the disclosures in these cases adequate, the fees reasonable, and all other aspects of the engagement and fee structure appropriate. However, should the Court conclude that bifurcated cases must fit a different procedural profile than do these cases, Mr. Matthews urges the Court to adopt *Brown's* instructive approach, consistent with the *Hazlett* opinion and the other case law discussed in the Court's Order, and craft an equally instructive, remedial, and nonpunitive remedy.

RESPECTFULLY SUBMITTED May 19, 2022.

| | |
|---|---|
| /s/ Benjamin R. Matthews | /s/ Joseph E. Cotterman |
| Benjamin R. Matthews (SC Dist. Ct. No. 3332) | Joseph E. Cotterman, AZ Bar 013800 |
| | *Pro hac vice application pending* |
| Benjamin R. Matthews & Assoc. | JOSEPH E. COTTERMAN, PLLC |
| 2010 Gadsden St. | 5232 West Oraibi Drive |
| Columbia, SC 29201 | Glendale, AZ 85308 |
| Tel: (803) 799-1700 | Tel: (480) 353-0540 |
| benrusmat@gmail.com | joe@jeclaw.us |

## **CERTIFICATE OF MAILING**

This is to certify, under penalty of perjury, that on May 19, 2022, the foregoing was electronically filed, and also emailed to those parties in interest set forth below.

Linda K. Barr, Trial Attorney
Office of the United States Trustee
linda.k.barr@usdoj.gov