UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: | ) | Case No. 20-03131-dd |
| | ) | Chapter 7 |
| Charles Pernell Prophet and | ) | |
| Shirley Ann Prophet, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| In re: | ) | Case No. 20-03171-dd |
| | ) | Chapter 7 |
| Steven Rosenchein, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Case No. 20-03293-dd |
| | ) | Chapter 7 |
| Christine Marie Naughton, | ) | |
| | ) | |
| Debtor. | ) | |

**SUPPLEMENTAL BRIEF OF THE UNITED STATES TRUSTEE**

The Acting United States Trustee for Region Four (the "UST") hereby files his supplemental brief following the District Court's remand from the appeal of the Court's March 29, 2021, order (the "Order") and in accordance with the Court's instructions of April 22, 2022 (the "Brief").

**Procedural Summary**

1. On September 25, 2020, the UST filed a motion requesting that the Court review the conduct of Benjamin R. Matthews & Associates ("Firm"), to order the cancellation of the attorney fee agreements, to disallow and require the return of fees paid, and to grant other relief as may be appropriate pursuant to 11 U.S.C. §§ 105(a)[1], 329(b), 526, Fed. R. Bankr. P.

---

[1] All further references to 11 U.S.C. § 101 *et seq.* will be by section number only.

1

("Rules") 2016 and 2017, and the Court's inherent authority to address attorney conduct (the "Motion"). The Motion addressed the Firm's bifurcation of services and fees with debtors in an effort to have the attorneys' fees not discharged by the debtors' bankruptcy cases and to allow the debtors to pay the fees over time post-petition.

2. On November 11, 2020, Firm filed an objection to the Motion (the "Objection").

3. On December 8, 2020, the parties submitted a joint statement of facts not in dispute (the "Joint Statement").

4. On February 4, 2021, and February 17, 2021, the Court held hearings on the Motion (the "Hearing").

5. On March 29, 2021, the Court entered its Order finding that Firm's bifurcation agreements were impermissible under SCLBR Rule 9011-1(b).

6. On April 12, 2021, Firm filed a notice of appeal of the Order.

7. On March 14, 2022, the District Court for the District of South Carolina issued its order reversing the Order and remanding the cases for further proceedings.

## CASES ADDRESSING BIFURCATION OF SERVICES AND FEES

Subsequent to the entry of the Court's Order, there have been several cases throughout the country that have addressed bifurcation of services and fees in chapter 7 cases. This supplemental brief provides a short summary of these cases and relevant portions of the record in the above-referenced cases that may be relevant. Copies of the cases are included with this filing for the Court's convenience.

**In re Suazo, 2022 Bankr. LEXIS 1342, C/A No. 20-17836-TBM, slip op. (Bankr. D. Colo. May 10, 2022)**

In *Suazo*, the bankruptcy court addressed an attorney's bifurcation of fees and services. The attorney factored the debtors' receivables with Fresh Start Funding ("FSF"). The bankruptcy court found the pre-filing agreement to be misleading, in part, because the attorney did not inform his clients that he had a legal obligation upon their engagement of his services under § 526 and the Bankruptcy Court's Local Rule 9010-1(c) to file all documents required by § 521(a)(1)(B) and Fed. R. Bankr. P. 1007(b) and (c).[2] *In re Suazo*, 2022 Bankr. LEXI 1342, *47-48 (Bankr. D. Colo. May 10, 2020). The bankruptcy court found the failure of the pre-filing agreement to include a fourth option, that the client was entitled to have the attorney continue to represent her in all aspects of her chapter 7 case **without entering into a new post-filing agreement,** was misleading.[3] *Id.* *48-50 (emphasis added).

The pre-filing agreement considered by the Court in the present cases largely mirrors the one addressed by the bankruptcy court in the *Suazo* case. *See* Exhibit 3 admitted into evidence and *Suazo* *16-19. While Local Rule 9011-1(b) is not identical to the one in the District of Colorado, as found by the Court in the Order, the case law interpreting the local rule requires that the attorney remain the attorney of record except in limited circumstances. At the February 4, 2021, hearing, Mr. Matthews testified to the three options he discusses with his clients post-petition, which are: to hire the Firm, hire another firm, or proceed *pro se*. Transcript, February 4,

---

[2] Local Rule 9010-1(c) for the Bankruptcy Court in the District of Colorado provides that a bankruptcy attorney cannot seek approval to withdraw as counsel until "Basic Services" are provided. The Basic Services include in part all documents required under Fed. R. Bankr. P. Rule 1007, attendance at the meeting of creditors and continued meeting of creditors, and advising the debtor with any trustee requests for turnover and any audit requests from the UST.

[3] The other three choices according to the pre-filing agreement are that the client can (1) continue *pro se*, (2) retain other counsel, or (3) sign the post-filing agreement.

2021, Hearing, p. 142, lines 5 – 9.  Mr. Matthews testified that he did not inform his clients of Local Rule 9011-1(b).  Transcript, February 4, 2021, Hearing, p. 153, lines 18-20.  He also testified that he did not explain the process of how he would withdraw as an attorney if the debtor declined to sign the post-filing agreement, and he did not discuss with the client that the Court may not allow him to withdraw.  Transcript, February 4, 2021, Hearing, p. 150, lines 17 – 25.

**In re Smith, 2022 Bankr. LEXIS 1304, C/A No. 21-40540-JMM, slip op. (Bankr. D. Idaho May 5, 2022)**

In *Smith*, the bankruptcy court addressed a motion for sanctions regarding an attorney's conduct that included the bifurcation of fees and services.  The attorney factored the debtor's receivables with FSF.  The bankruptcy court found that the attorney's disclosures in the disclosure of compensation (the "Disclosure") were plainly misleading and inconsistent.  *In re Smith*, 2022 Bankr. LEXIS 1304, *9 (Bankr. D. Idaho May 5, 2022).  The bankruptcy court noted that in paragraph 5 of the Disclosure, the attorney stated that for the agreed amount to be paid, the attorney would perform specific services which included pre- and post-petition services.  However, in paragraph 9 of the Disclosure, the attorney stated that there were two agreements and some of the pre-petition services included in paragraph 5 were covered by the first agreement and any fees not paid would be waived.   *Id*. *9-10.  The disclosures of compensation filed in the above-referenced cases contain similar inconsistent language.  *See* Exhibit 6 admitted into evidence.   Due to the inconsistent and misleading information in the Disclosure, the bankruptcy court required the return of all fees.  *Id*. *12

In *Smith*, the bankruptcy court stated it had insufficient evidence to conclude that the Disclosure created a conflict of interest but noted that ". . . while it appears from the face of the documents in the Court's docket that Youngblood [the attorney] may have signed Debtors up for

4

a plan that was potentially harmful to Debtors but beneficial to himself, the UST has not proven this is the case." *Id*. *16. The evidence submitted in the above-refenced cases show the negative impact the post-petition payments have, or may have, on the debtors and the benefits the arrangement provides to Firm. At the February 4, 2021, Hearing in the present cases, Mr. Matthews testified that the services provided by FSF to Firm according to the Line of Credit and Accounts Receivable Management Agreement, admitted as Exhibit 1, were beneficial to the Firm rather than the clients. Transcript, February 4, 2021, Hearing, pp. 123-124, lines 8-25 and 1-9.

**In re Kolle, 2021 Bankr. LEXIS 3380, C/A 17-41701, slip op. (Bankr. W.D. Mo. Dec. 10, 2021)**

In *Kolle*, the bankruptcy court addressed an attorney's bifurcation of fees and services. The attorney used BK Billing to factor the account receivables. The bankruptcy court found that the disclosures of expenses were insufficient. The bankruptcy court found that the failure to clearly articulate the expenses being charged and paid over time obscured the fact that the firm was charging for some expenses that were not necessary and allowing the law firm to factor a pre-petition dischargeable debt. *In re Kolle*, 2021 Bankr. LEXIS 3380, *123 (Bankr. W.D. Mo. Dec. 10, 2021). The bankruptcy court found that "[s]ome debtors in these cases qualified for filing fee waivers and no-fee or reduced fee credit counseling and could possibly have obtained their credit reports at no charge." *Id.*

The bankruptcy court also noted that if the attorney had appropriately provided pre-petition services and waived the fees for such pre-petition services, then the fees should have been less and not more. *Id*. *124. The bankruptcy court reviewed the fees charged by the attorney prior to his factoring of the fees and determined that the fees had been increased after the attorney began bifurcating services and fees. The bankruptcy court ". . . explicitly rejects the

argument that filing shell cases costs more because there it is more work . . ." *Id.* *126. The bankruptcy court also found that:

> [The attorney] offered factoring to debtors who were already struggling to make prepetition payments; he shifted the cost of the factoring plus charged extra for this "service" to his clients; he negotiated his clients' payment terms to the factor and allowed them to agree to payment terms the schedules he later drafted showed many could not afford; he presented clients with fee agreements that misstated the amount he was charging for his legal fees; he included reimbursement for prepetition expenses he advanced in the postpetition factored agreement, expenses which otherwise would have been discharged; and he charged expenses for some clients who otherwise would not have had to pay any expenses.

*Id.* *127-128. As such, the bankruptcy court found the fees charged unreasonable.

### In re Baldwin, 2021 Bankr. LEXIS 2753, C/A 20-10009, slip op. (Bankr. W. D. Ky. Oct. 5, 2021)

In *Baldwin*, the bankruptcy court addressed an attorney's bifurcation of fees and services. The bankruptcy court noted that "Inherent in Bankruptcy law is a situation where a lawyer's own financial interests in getting their fees paid up front or quickly, clashes directly with their client's need for a discharge of debts and a fresh start, which is the primary goal of filing bankruptcy in the first place." *In re Baldwin*, 2021 Bankr. LEXIS 2753, *6 (Bankr. W.D. Ky. Oct. 5, 2021). The debtor's attorney in the *Baldwin* case also used FSF to factor the accounts receivable. The bankruptcy court noted that ". . .the use of a bifurcated agreement is a requirement of Harris' ability to participate in the LOCARMA and access the line of credit." *Id.* *13. In the above-referenced cases, Firm's bifurcated cases were remitted to FSF to secure the Firm's line of credit from FSF.

The bankruptcy court found that the attorney was duty bound to complete the debtor's schedules and statements and provide other services once he filed the petition for the debtor. The bankruptcy court found that the attorney had a clear conflict of interest between his

6

entitlement to payment for his services and a debtor's right to decline the post-filing agreement and insist that the attorney fulfill his duties under the Bankruptcy Code and the Bankruptcy Court's Local Rule. *Id*. *19. The bankruptcy court found that FSF's Line of Credit and Accounts Receivable Agreement design and cost will disadvantage most chapter 7 debtors and ". . . place their lawyer in the unenviable position of encouraging a debtor to enter into a highly disadvantageous financial arrangements that benefit the lawyer and his lender." *Id*.

As noted above, at the February 4, 2021, Hearing in the present cases, Mr. Matthews testified that the services provided by FSF to Firm according to the Line of Credit and Accounts Receivable Management Agreement, admitted as Exhibit 1, were beneficial to the Firm rather than the clients. Transcript, February 4, 2021, Hearing, pp. 123-124, lines 8-25 and 1-9. Mr. Matthews also testified that the increase in his fees under the bifurcated agreement were to cover his higher costs. Transcript, February 4, 2021, Hearing, p. 125, lines 2-16.

In the *Baldwin* case, when the clients paid $0 down under the bifurcated agreement, the clients were paying the filing fees post-petition. The bankruptcy court found that the post-petition collection of the filing fee advanced at the time the case was filed violated the Bankruptcy Code (§§ 526(a)(4), 362, and 524) and the Kentucky Rules of Professional Conduct (Rule 1.8(e)(1)). *Id*. *22, 25. At the Hearing on February 4, 2021, Mr. Matthews testified that the $2,800 paid post-petition included the filing fee, credit report, and education class. Transcript, February 4, 2021, Hearing, p. 85, lines 17-25.

In the *Baldwin* case, in assessing whether the attorney's fees in the bifurcated cases were reasonable, the bankruptcy court reviewed the fees charged by the attorney over a period of time in cases in which the services and fees were not bifurcated. The bankruptcy court determined that the fees charged in the bifurcated cases were higher than normally charged. *Id*. *49-50.

Moreover, the bankruptcy court found that ". . . the bifurcated fee increases the Debtors' expenses and delays the Debtors' ability to improve their financial position. Under such circumstances, the Court cannot determine that the bifurcated fee contracts are in the Debtors' best interests." *Id*. *50.

At the Hearing on February 4, 2021, Mr. Matthews testified that the cases filed by the Firm outside of the bifurcated system had the "most common fee" of $1,750, which did not include the filing fee, credit report, and education class.[4] Transcript, February 4, 2021, Hearing, p. 121-122, lines 6 – 25, lines 1-10. The Firm is charging more for cases in the bifurcated system whether the clients elected to pay up front under Option 1 ($2,350) or over time under Option 2 ($2,800).

**Ridings v. Casamatta (Inr e Allen), 628 B.R. 641 (B.A.P. 8th Cir. 2021)**

In *Allen*, the Bankruptcy Appellate Panel affirmed the bankruptcy court's reduction of attorneys' fees. The attorney entered into agreements with his client for the bifurcation of the fees and services. The post-petition fees were factored with FSF. The opinion did not address the propriety of bifurcation agreements or the factoring relationship with FSF. Rather the Bankruptcy Appellate Panel found that the bankruptcy court did not err in finding that the "extra $500" contemplated under the post-filing agreement exceeded the value of the services. *Ridings v. Casamatta (In re Allen)*, 628 B.R. 641, 646 (B.A.P. 8th Cir. 2021). The Panel also found that the bankruptcy court did not have to undertake a lodestar analysis and that the demonstrative exhibit presented by the attorney lacked relevance to the services actually performed for the debtor. *Id.* at 645-646.

---

[4] $1,750 for fees, $338 for the filing fee, $20 for the credit counseling, and $45 for the credit report totals $2,153. Option 1 also appears to exclude services that are included for clients who are not part of the bifurcated system. *See* also Exhibit 13 admitted into evidence.

**In re Brown, 631 B.R. 77 (Bankr. S.D. Fla. 2021)**

In *Brown*, the bankruptcy court addressed an attorney's bifurcation of fees and services. In assessing the reasonableness of the fees, the bankruptcy court found services that must be provided pre-petition cannot be considered in determining the reasonableness of the fees charged post-petition. *In re Brown*, 631 B.R. 77, 95 (Bankr. S.D. Fla. 2021). Whether a possible service was actually performed or could have ever been necessary is something the court may consider in determining the reasonableness of the post-petition fees. *Id.* at 99.

In *Brown*, the bankruptcy court found that the debtor's obligation to repay the filing fee to the firm is a pre-petition debt that is dischargeable. A firm that advances the fee with the expectation of repayment post-petition violates §§ 526, 362, and 524. *Id*. at 103.

## CONCLUSION

The UST submits this additional case law for the Court's consideration of the issues on remand and the relief requested by the UST in his Motion. The UST continues to stand by the pleadings he filed, arguments made, and evidence presented at trial in the Court's consideration of the relief requested by the UST in these cases.

      JOHN P. FITZGERALD, III
      Acting United States Trustee, Region 4

      By: /s/ Linda K. Barr
      Linda K. Barr, Id. 6284
      Office of the U. S. Trustee
      1835 Assembly St., Suite 953
      Columbia, South Carolina  29201
      (803) 765-5219
      linda.k.barr@usdoj.gov

May 19, 2022

<u>CERTIFICATE OF SERVICE</u>

       I, the undersigned, do hereby certify that on the 19th day of May, 2022, I served the below-named parties with copies of the following documents:

**SUPPLEMENTAL BRIEF OF THE ACTING UNITED STATES TRUSTEE**

and

**CERTIFICATE OF SERVICE**

by electronic transmission to participants to the Court's Electronic Case Filing system to include the following participants:

Benjamin R. Matthews, Esquire
Daniel E. Garrison, Esquire

                                  By: /s/ Linda K. Barr
                                       Linda K. Barr
                                       Office of U. S. Trustee
                                       1835 Assembly St., Suite 953
                                       Columbia, South Carolina 29201
                                       (803) 765-5219